IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA MARIE LAMBDIN                                           PLAINTIFF

v.                                   CIVIL NO. 20-cv-05155

KILOLO KIJAKAZI[1], Acting Commissioner              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Lisa Marie Lamdin, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on September 2, 2016, and February 6, 2017. (Tr. 69). In her applications, Plaintiff alleged disability beginning on July 1, 2016, due to: an aortic aneurysm; high blood pressure; pain; degenerative disc disease; fibromyalgia; depression; fatigue; anemia; and malnutrition due to marginal ulcer from gastric bypass. (Tr. 69, 495, 530). An administrative hearing was held on June 5, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 185–232). A vocational expert ("VE") also testified. (*Id.*).

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On February 28, 2020, the ALJ issued an unfavorable decision. (Tr. 66–82). The ALJ found that during the relevant time period, Plaintiff had the following medically determinable impairments: osteoarthritis/degenerative disc disease of the lumbar spine, cervical and thoracic spondylosis, cervicalgia, fibromyalgia, chronic pain syndrome, chronic obstructive pulmonary disease (COPD), iron deficiency anemia, aortic aneurysm, hypertension, insomnia, and major depressive disorder. (Tr. 72). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 72-74). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except she can occasionally climb ramps and stairs; she can never climb ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; and she must avoid concentrated exposure to temperature extremes, humidity, and hazards including no driving as part of work. In addition, the claimant can perform unskilled work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little use of judgment, and the supervision required is simple, direct, and concrete.
> (Tr. 74–80).

With the help of a VE, the ALJ found Plaintiff would be unable to perform any of her past relevant work as actually or generally performed, but would be able to perform the representative occupations of housekeeping cleaner, office helper, silver wrapper, tube clerk, document preparer, and addressing clerk (Tr. 81). The ALJ found Plaintiff was not disabled from July 1, 2016, through February 28, 2020, the date of his decision. (Tr. 82).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 19, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ's RFC findings were inconsistent with the evidence; and 2) whether the ALJ met his burden at step 5. (ECF No. 19). The Court has reviewed the entire transcript and the parties' briefs, and agrees with the Commissioner's assertion that the combination of medical records, Plaintiff's daily activities and opinion evidence from non-examining physicians provided adequate support for his RFC findings. Further, while Plaintiff did testify that she was absent from her past relevant work more than two days a month, the ALJ found Plaintiff could not perform any of her past relevant work and included additional limitations in his RFC findings and hypothetical to the VE. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

3

summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 13th day of August 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

Case 5:20-cv-05155-CDC   Document 21   Filed 08/13/21   Page 4 of 4 PageID #: 1480